IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maxwell A. Matthew
1810 Washington St. Apt B          No.:
Lincoln, NE 68502
*Plaintiff*

v.

Hon. Dr. Troy E. Meink
Secretary of the Air Force
1670 Air Force Pentagon,
Washington, DC 20330-1670
*Defendant*

---

### Complaint for Declaratory and Other Relief

Maxwell Matthew [hereinafter Plaintiff] submits this collateral action against the Honorable Dr. Troy E. Meink [hereinafter Defendant], in his official capacity, seeking declaratory and other relief from a general court-martial conviction.  Officials subordinate Defendant have purported to publish orders giving to Plaintiff's court-martial conviction final effect. Article 76, Uniform Code of Military Justice (10 U.S.C. § 876)(2016) [hereinafter UCMJ].[1]  Plaintiff seeks relief because the findings of the court-martial which tried him on rehearing are void because the rehearing violated Plaintiff's constitutional protection against double jeopardy.

---

[1] Mr. Matthew cites to the version of the UCMJ in effect at the time of his court-martial, his rehearing and during post-trial review.

## Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1331. The federal questions arise under the Uniform Code of Military Justice, 10 U.S.C. §§ 801-940, and the Manual for Courts-Martial, United States, an Executive Order with the force of law.

## Venue

2. Venue is proper in this district because the Defendant is present therein. 28 U.S.C. § 1391(e). A service secretary may be present within more than one federal district for the purposes of venue and is considered present within the federal district for the District of Columbia when he performs a significant amount of his duties there. *Smith v. Dalton*, 927 F. Supp. 1, 5-6 (D.D.C 2004).

## Parties

3. Plaintiff is a former Airman in the United States Air Force, punitively separated pursuant to orders issued by officials subordinate to Defendant.

4. Defendant is the Secretary of the Air Force. Defendant is named in his official capacity.

## Facts relevant to the Complaint and Procedural History

5. On January 25, 2019 and June 19, 2019, a military judge sitting as a general court-martial in initial hearing tried Staff Sergeant (E-5) Maxwell A. Matthew [hereinafter Plaintiff].

6. The military judge convicted Appellant of one specification of attempted distribution of child pornography, as a lesser included offense, and one specification of possession of child pornography, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (2012) [hereinafter UCMJ].   The military judge entered a finding of not guilty as to distribution of child pornography in violation of Art. 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced Appellant to confinement for seventeen months, reduction to the grade of Airman Basic (E-1), and to be dishonorably discharged from the military service. *United States v. Maxwell*, 2022 CCA LEXIS 425, *1-2 (A.F. Ct. Crim. App. Dec. 23, 2020)(order).

7. A court reporter subsequently prepared the Record of Trial.

8. The record of trial was not substantially verbatim and omitted the transcription of substantial portion of the proceedings because the court reporter lost a portion of the recording of the initial hearing. *Id.*

9. The Air Force Court of Criminal Appeals [Air Force court] conducted automatic review of Plaintiff's case pursuant to Article 66, UCMJ. *United States v. Matthew*, 2022 CCA LEXIS 425 (A.F. Ct. Crim. App. July 21, 2022)(unrep.)[*Matthew I*].

10. Plaintiff asserted before the Air Force court that the record of trial in his case was incomplete and that the only remedy available a non-verbatim record was for the Air Force court to approve a sub-jurisdictional sentence. *Id.* at *7.

3

11. The Air Force Court of Criminal Appeals [Air Force court] agreed that the record was not substantially verbatim and ordered the Plaintiff's case returned to the Convening Authority.[2]  The Air Force court gave the Convening Authority the option of either approving a sub-jurisdictional sentence or expunging Plaintiff's conviction and instituting proceedings anew.  *Id.*

13. The Convening Authority elected to expunge Plaintiff's conviction and order a rehearing.  He then referred one specification of possession of child pornography and one specification of distribution of child pornography to the rehearing court-martial.

14. At the rehearing court-martial, Plaintiff objected to both Specifications on double jeopardy grounds.  *United States v. Matthew*, 2024 CCA LEXIS 460, *6-7 (A.F. Ct. Crim. App. Oct. 31, 2024)(unrep.).

15. Pursuant to R.C.M. 910(a)(2)(2016 ed.), Plaintiff entered into a contingent plea agreement that preserved his ability to challenge his convictions on double jeopardy grounds.  *Id.*

16. Subsequently, the Military Judge dismissed the Specification alleging Distribution of Child Pornography on double jeopardy grounds but ruled that the possession Specification was not barred by double jeopardy.  *Id.*

---

[2] The Convening Authority is a person whom the UCMJ authorizes to convene courts-martial.  In the case of a general court-martial, this is usually an officer who hold General or Flag rank.

17. Pursuant to Article 66, UCMJ, the Air Force court conducted a second automatic review of Plaintiff's conviction following the rehearing.  Before the Air Force Court, Plaintiff challenged his conviction on double jeopardy grounds.  *Id.* at *14-15.  The Air Force Court affirmed Plaintiff's conviction.  *Id.*

18. Pursuant to Article 67, UCMJ, Plaintiff petitioned the Court of Appeals for the Armed Forces [CAAF] for a grant of review.  Plaintiff specifically sought review of his double jeopardy claim.  CAAF declined to grant review of Plaintiff's double jeopardy claim, but granted review of another, unrelated claim.  *United States v. Matthew*, 85 M.J. 391 (C.A.A.F. 2025).

19. CAAF subsequently affirmed Plaintiff's conviction. *United States v. Matthew*, 86 M.J. 261 (C.A.A.F. 2025).

20. Plaintiff petitioned the Supreme Court of the United States for a writ of certiorari.  The Supreme Court declined to grant Plaintiff's requested writ.  *United States v. Matthew*, 223 L. Ed. 2d 557 (2026).

**Cause of Action (collateral review of a court-martial conviction)**

**The Count  – voidness of the finding to the remaining Charge:** This court should collaterally review Mr. Matthew's conviction and grant declaratory or such other relief to Mr. Matthew as is appropriate because the rehearing of the remaining Specification following its expungement violates the double jeopardy clause either standing alone, or, in the alternative and additionally, where he was

previously acquitted of a greater included offense.  Mr. Matthew incorporates by reference paragraphs 5-27 into this count.

## Consideration of Plaintiff's claim

Plaintiff attaches the record of trial from the rehearing to his original complaint and incorporates them by reference.

## Conclusion

Plaintiff prays that the Court enter judgment—

(a) declaring that the finding as to the remaining Charge is void because it was entered in violation of Plaintiff's protection against double jeopardy.

(b) ordering that Plaintiff's conviction and sentence be expunged and that all rights, privileges, and property of which he has been deprived by reason of the sentence be restored; and

(c) granting such other and further relief as may in the circumstances be just and proper.

/s/
Robert Feldmeier
Attorney-at-law
THE LAW OFFICES OF ROBERT FELDMEIER
2920 Forestville Road, Suite 100-1076
Raleigh, North Carolina 27616
336-416-2479
robert.a.feldmeier@gmail.com